UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LEE JONES, JR.,

    Petitioner,

                                 Case No. 8:01-CR-175-T-27TBM
                                            8:05-CV-935-T-27TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (D-1). Petitioner has also filed two motions for a copy of the docket sheet and file in his criminal case. (Case No. 8:01-CR-175-T-27TBM, D-75 and 76.)

To put this matter in context, on September 18, 2002, Petitioner entered a guilty plea as to Count One of the Superseding Information for conspiracy to dispose of a firearm to a prohibited person in viclation of 18 U.S.C. § 371. The Court sentenced Petitioner on December 11, 2002, to a term of 60 months' imprisonment to be served concurrently with the sentence imposed pursuant to the judgment in docket number 01-CF-3828, Circuit Court, Hillsborough County, Florida. (D-51,

52.) Petitioner did not appeal his conviction or sentence.

Thereafter, Petitioner filed a motion seeking credit for time served. (D-65.) The Court granted that motion (D-68), and on July 25, 2003, the Court amended the judgment to include credit for time served of 126 days. (D-69.)

On May 16, 2005, the Court received Petitioner's section 2255 motion.[1] Petitioner essentially contends that his sentence violates United States v. Booker, 543 U.S. ----, 125 S.Ct. 738 (2005). He further alleges multiple claims of ineffective assistance of counsel.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1).

Section 2255 does not define when a "judgment of conviction becomes final." Adams v. United States, 173 F.3d

---

[1] According to the certificate of service, Petitioner placed the motion in the Institution mailbox on May 10, 2005. As such, the Court utilizes that date as the filing date. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (pursuant to the mailbox rule, motion to vacate is considered filed when petitioner delivered it to prison authorities for mailing).

1339, 1342 (11th Cir. 1999). The controlling law of the Eleventh Circuit, however, provides that where the defendant does not pursue a direct appeal, his conviction becomes final when the time expires for filing a direct appeal. <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000).

In the instant case, Petitioner's conviction became final on August 4, 2003, when his time to file a notice of appeal of the amended judgment expired.[2] Based on the foregoing authority, the one year statute of limitations for filing § 2255 motions expired on August 4, 2004. The Petitioner is therefore time-barred because he filed the instant § 2255 motion on May 10, 2005, which is clearly past the one-year deadline.

To the extent that Petitioner argues for the applicability of the exception set forth in 28 U.S.C. 2255(3), which provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," this argument fails. Petitioner's

---

[2] Pursuant to Rule 4(b)(I), Petitioner had to file a notice of appeal within ten days after the entry of the judgment or order being appealed. Fed.R.App.P. 4(b)(I). The Court entered the Amended Judgment in a Criminal Case on July 25, 2003. (D-69).

3

challenge pursuant to the Supreme Court's recent decision in Booker is not timely under subsection (3) of the § 2255 statute of limitations because Booker is not a newly recognized right made applicable to cases on collateral review. The Eleventh Circuit recently held that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (citing Schriro v. Summerlin, 542 U.S. ----, 124 S.Ct. 2519, 2526-27). As such, the one-year statute of limitations does not run from the date of the Booker decision.

The Court finds that neither of the other exceptions apply. In this regard, Petitioner has not demonstrated that he was prevented from timely filing the instant motion due to an impediment created by government action in violation of the Constitution or laws of the United States. See 28 USC § 2255(2). Nor has he demonstrated the application of § 2255(4). Furthermore, Petitioner does not make any argument for the application of equitable tolling nor does he satisfy the burden of demonstrating that equitable tolling is appropriate in this case. Petitioner's § 2255 motion is

4

therefore untimely.

It is therefore ORDERED that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D-1) is DENIED as untimely.

2) Petitioner's Motions for a Copy of the Docket Sheet and File (D-75 and 76) are DENIED as moot.

3) The Clerk is DIRECTED to terminate all pending motions, enter judgment in favor of the Government and CLOSE the civil case.

DONE AND ORDERED at Tampa, Florida this 20th day of June, 2005.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Pro Se Party